IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:16-CV-474-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Rhonda Fleming, a federal prisoner confined in the Federal Medical Center in Fort Worth, Texas (FMC-Carswell), against Jody R. Upton, Warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

Petitioner is confined pursuant to her 2010 federal convictions in the Southern District of Texas for conspiracy to commit health care fraud and wire fraud, aiding and abetting health care fraud and wire fraud, promoting and concealing money laundering, and engaging in monetary transactions in unlawfully derived property. J., United States v. Fleming, Criminal Action No. 4:07-CR-513-1, ECF No. 626.

## II. ISSUES

By way of this habeas petition, Petitioner claims that, in violation of her rights under the First, Eighth and Fourteenth Amendments, the conditions of her confinement at FMC-Carswell have "caused severely unsafe living conditions in the execution" of her sentence. Pet. 1, ECF No. 1. She

asserts that she has witnessed a corrections officer beating other inmates with a shoe, that she has been threatened with retaliation by other inmates and prison staff for reporting the incidents, that prison staff have failed to protect her, and that she has been refused access to the grievance process. *Id.* at 1-4, ECF No. She requests that the Court "grant a live hearing on this matter and fashion equitable relief that the Court deems necessary" and "nominal damages for the violations of her constitutional rights and costs." *Id.* at 4.

## III.  DISCUSSION

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[1] Therefore, no service has issued upon Respondent.

The Fifth Circuit holds that habeas petitions are not the proper procedural vehicles by which to remedy conditions-of-confinement claims. *Preiser v. Rodriguez,* 411 U.S. 475, 487 (1973); *Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir. 1993); *Cook v. Hanberry,* 592 F.2d 248, 248 (5th Cir. 1979). Instead, challenges to the conditions of confinement must be brought in a civil-rights complaint pursuant to 42 U.S.C. § 1983. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004). Taken at face value, the petition relating to the conditions of Petitioner's confinement is not cognizable on habeas review. 42 U.S.C. § 1983; *Carson v. Johnson,* 112 F.3d 818, 820-21 (5th Cir. 1997)

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

**III.  CONCLUSION**

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of subject matter jurisdiction. Petitioner's motion to proceed in forma pauperis is DENIED.

**SO ORDERED** on this 16th day of June, 2016.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**